UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CURTIS WEDO POOLE,

    Petitioner,

v.                                         Case No. 4:24-cv-23-MW-MJF

RICKY DIXON,

    Respondent.
_____/

# REPORT AND RECOMMENDATION

Petitioner Curtis Wedo Poole, proceeding *pro se*, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 10. Respondent moves to dismiss the petition as untimely. Doc. 17. Poole opposes the motion. Doc. 19. Respondent's motion to dismiss should be denied, because Poole's petition is timely.

## I. BACKGROUND AND PROCEDURAL HISTORY

In Escambia County Circuit Court Case No. 2018-CF-4775, Poole was convicted of six crimes: Resisting Arrest Without Violence (Count 1), Battery (Count 2), Battery on a Law Enforcement Officer (Count 3), Possession of Cocaine (Count 4), Possession of Cannabis (Count 5), and

Possession of Drug Paraphernalia (Count 6). Doc. 17-1, Ex. A at 62-71.[1] The trial court sentenced Poole to sixty months of imprisonment on Count 3 and to twenty-four months of imprisonment on Count 4 to run consecutive to Count 3. Poole was sentenced to time served on the remaining counts. *Id.* The Florida First District Court of Appeal ("First DCA") affirmed the judgment on May 11, 2020, without opinion. *Poole v. State*, No. 1D19-1351, 300 So. 3d 133 (Fla. 1st DCA 2020) (Table) (per curiam) (copy at Doc. 17-6, Ex. F). Poole's motion for rehearing was denied on August 4, 2020. Doc. 17-8, Ex. H.

On December 10, 2021, Poole filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. Doc. 17-9, Ex. I at 7-45 (Mot.), 48-81 (Am. Mot.). The state circuit court denied the motion. *Id.* at 82-124. The First DCA per curiam affirmed without opinion. *Poole v. State*, No. 1D22-2543, 376 So. 3d 705 (Fla. 1st DCA 2023) (Table) (copy at Doc. 17-12, Ex. L). The mandate issued January 16, 2024. Ex. L.

---

[1] Citations to page numbers of exhibits are to the numbers appearing at the bottommost center of the page.

Poole filed his original federal habeas petition on January 16, 2024. Doc. 1 at 21, 30. Poole's amended petition raises six claims of ineffective assistance of trial counsel. Doc. 10.

## II. DISCUSSION

### A. The Federal Habeas Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Poole's § 2254 petition, because the petition was filed after AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Poole does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Poole's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

### B.   Poole's Habeas Petition Is Timely

Poole did not seek further direct review of his judgment in the United States Supreme Court. Accordingly, Poole's judgment became "final" for purposes of 2244(d)(1)(A), when the time for pursuing direct review in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Typically, the time for filing a certiorari petition in the United States Supreme Court expires 90 days after entry of the judgment or order sought to be reviewed. *See* U.S. Sup. Ct. R. 13.1, 13.3. Early during the COVID-19 pandemic, however, the United States Supreme Court temporarily extended the time to file a certiorari petition to 150 days. *See* Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19], 334 F.R.D. 801 (Mar. 19, 2020) ("Miscellaneous Order"). That Miscellaneous Order provided, in relevant part:

> [T]he deadline to file any petition for a writ of certiorari *due on or after the date of this order* is extended to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing. See Rules 13.1 and 13.3.

334 F.R.D. 801 (emphasis added). That Miscellaneous Order was in effect from March 19, 2020, until July 19, 2021. *See* Miscellaneous Order Rescinding COVID-19 Related Orders, 338 F.R.D. 801 (July 19, 2021). In the July 19, 2021 rescinding order, the Supreme Court clarified:

> [I]n any case in which the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing *was issued prior to July 19, 2021*, the deadline to file a petition for a writ of certiorari *remains extended to 150 days from the date of that judgment or order*.

338 F.R.D. 801 (emphasis added)

The 150-day filing deadline applied to Poole, because the First DCA's ordering denying rehearing in his direct appeal was issued on August 4, 2020 (and under the 90-day rule would have been due November 2, 2020). Applying the extended certiorari deadline, Poole's conviction became "final" for purposes of § 2244(d)(1)(A), on January 4, 2021, which is 150 days after entry of the First DCA's order denying rehearing.[2]

The federal habeas limitation period began to run one day later, on January 5, 2021, and was set to expire one year later, on January 5, 2022, absent tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

Poole allowed 339 days of the limitations period to run before filing his Rule 3.850 motion on December 10, 2021. As a result of the filing of that motion, the limitations period was statutorily tolled from December 10, 2021 (the date it was filed) until January 16, 2024 (the date the

---

[2] The 150th day was January 1, 2021, but because that was a federal legal holiday, Poole had until the following Monday, January 4, 2021, to file his certiorari petition in the United States Supreme Court. *See* U.S. Sup. Ct. R. 30.1.

mandate issued in Poole's postconviction appeal). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

Poole filed his original federal habeas petition on January 16, 2024. Because a total of only 339 days of AEDPA's one-year limitations period ran, Poole's § 2254 petition is timely.

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 17, be **DENIED**.

2. This case be returned to the undersigned for further proceedings.

At Panama City, Florida, this 13th day of June, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and**

recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.